385

| | | |
|---|---|---|
| Elisha J. Cambpell et al | | P. A. |
| vs. | | No. 653 |
| Edward P. Metcalf, Adm'r d. b. n. | | |

| | | |
|---|---|---|
| Elisha J. Campbell, et al | | P. A. |
| vs. | | No. 654 |
| Edward P. Metcalf, Adm'r. d. b. n. | | |

| | | |
|---|---|---|
| Edward P. Metcalf, Adm'r d. b. n. | | P. A. |
| vs. | | No. 655 |
| Elisha J. Campbell | | |

Edward P. Metcalf,
Adm'r d. b. n.          P. A.
vs.                     No. 656
Elisha J. Campbell

United States Fidelity
& Guaranty Co.          P. A.
vs.                     No. 657
Edward P. Metcalf,
Adm'r d. b. n.

Consolidated by order of Court.

## DECISION

BROWN, J.    The above several appeals from a decree of the Municipal Court of the City of Providence, entered on the 24th day of July, 1917, in all of which trial by jury is demanded, involve items in the first account, amended first account, second account, and amended second account of Edward P. Metcalf, Adm'r, d. b. n. on the estate of James Campbell.

Elisha J. Campbell as heir-at-law, distributee and creditor: and Bradford Campbell, George B. Waterhouse, Sterry A. Fenner and Harriet E. B. Campbell, as creditors of James Campbell, are the appellants in appeals Nos. 653 and 654.

Edward P. Metcalf, individually and as administrator d. b. n. in Appeal No. 655, and as administrator d. b. n. only in Appeal No. 656 on the estate of James Campbell is the appellant.

The United States Fidelity and Guaranty Company, surety on the bond of Edward P. Metcalf, Adm'r d. b. n. on the estate of James Campbell in Appeal No. 657 is the appellant.

Edward P. Metcalf having been removed and Henry M. Boss Jr. appointed administrator d. b. n. on the estate of James Campbell, Mr. Boss on the 23rd day of October 1917 entered his appearance in said appeals as administrator d. b. n. on the estate of James Campbell. The appeals have been tried by a jury and a verdict therein has been rendered. Elisha J. Campbell, et al, represented by William J. Brown Esq. and Henry M. Boss Jr., adm'r d. b. n. pro se ipso, have now filed a

motion for a new trial in each appeal, alleging that the verdict is against the law and the evidence. In addition to the above mentioned grounds, Mr. Boss in his motion for a new trial alleges that the special finding of the jury is against the evidence.

In the appeals from the decree of the Municipal Court numerous reasons both of law and fact were assigned to which the appellants were restricted on the trial.

Gen. Laws, 1909. Chap. 311, Sec. 1.

The motions for a new trial now before the Court are in such general terms that reference to the points discussed in the briefs is necessary to ascertain the real grievances of which complaint is made.

A brief review of the litigation involved will be of assistance in solving some of the contested points.

James Campbell, whose estate is in process of settlement in this proceeding, died in June 1904. Elisha J. Campbell, his son, was appointed administrator in September following. Since that time much litigation relating to a settlement of the estate has ensued which has multiplied and expanded until at the present time there are pending the 5 appeals above mentioned, a suit in equity which has been decided in the Superior Court and has made its way to the Supreme Court upon appeal, where it is now pending for determination, the claim of Elisha J. Campbell against the estate for $15,500, which has been twice tried to a jury at great length, went to the Supreme Court on exceptions taken at each trial, was sent back to the Superior Court each time for a new trial, and is now there pending for a third trial to a jury.

Elisha J. Campbell was removed as administrator in November 1906, and Edward P. Metcalf appointed administrator d. b. n., who in turn was removed on the 15th day of June, 1917, and Henry M. Boss Jr. appointed administrator d. b. n.

On presentation of Elisha J. Camp-

bell's claim of $15,500, the estate was represented insolvent, commissioners appointed whose report rejecting a part of Mr. Campbell's claim was confirmed by decree of the Municipal Court, entered November 28th, 1905, from which Mr. Campbell appealed. This is the claim above referred to as having been twice tried to a jury and now pending for a third trial.

The estate being represented insolvent Mr. Metcalf obtained from the Municipal Court authority by decree entered December 18, 1908, to sell the Pine Street property for $16,500 at private sale. From this decree Elisha J. Campbell appealed, but failed to perfect his appeal by entering reasons of appeal in the Superior Court within the time required by law.

In consequence of negotiations pending with a view to an amicable adjustment with Mr. Campbell of this litigation, the fact of his failure to enter his reasons of appeal was overlooked by Mr. Metcalf's attorneys until more than a year had elapsed from the time of the entry of the decree authorizing the sale. The negotiations did not terminate successfully. The failure to enter the reasons of appeal having been discovered, Mr. Metcalf applied and obtained confirmation by the Municipal Court of the decree authorizing the sale, by a decree entered February 10, 1911. From this last decree Mr. Campbell appealed, and was sustained in the appeal by the Supreme Court.

Campbell vs. Metcalf, Adm'r., 33 R. I. 453.

### 388

Acting, however, under the decree so entered and confirmed February 10, 1911, by advice of counsel, Mr. Metcalf, adm'r d. b. n. in March 1911 and before decision was rendered on the appeal, sold the Pine Street property for $16,500 and received the purchase price. In his account rendered to the Municipal Court, Mr. Metcalf charged himself with $16,-500 proceeds of the Pine Street property sale, and subsequently, having learned

through the decision of the Supreme Court that the sale was void, desired to strike the item from the amount to be charged against him as administrator d. b. n. To this Mr. Campbell objected.

Without going further into the details of the litigation already indulged in, enough has been recounted to show that it has been bitterly and assiduously contested for 15 years—since the death of James Campbell—during which time almost every conceivable point of law that is likely to be raised in the settlement of an administrator's account has at some time been raised and litigated, and there is now no indication of subsidence of the passion to litigate the matters.

Mr. William J. Brown, attorney for Elisha J. Campbell et al., in his brief on motion for a new trial, raises the following points:

1. The sum of $5195.95 paid Elisha J. Campbell on sale of the Eddy Street property was part of the selling price. That the estate could have been sold for more than the administrator obtained for it.

It was undoubtedly the administrator's duty to sell the property for the best price obtainable.

11 Am. & Eng. Ency of L. (2d ed.) 1017 E. E. & 1110.

Mr. Metcalf testified that he sold for the best price obtainable; that the $5195.95 paid to Mr. Campbell was a bonus to induce sale and prevent delay and not a part of the selling price, and that the amount obtained was a fair price for the property. The jury found for Mr. Metcalf upon this point, and the evidence is sufficient to sustain their finding.

Mr. Elisha J. Campbell is in no position to insist that the amount paid to him should be treated as a part of the purchase price and that the same be charged against Mr. Metcalf in his account.

### 389

Mr. Campbell refused to sign unless he should have the benefit of that

amount. Having demanded and received the benefit of the amount, he is in no position to insist that it be accounted for by Mr. Metcalf as a part of the proceeds of the sale. Such a position affords Mr. Campbell benefit as an heir of James Campbell of a portion of the money of which he has already received the benefit.

2 & 3. It is contended that Mr. Murdock and Champlin & Harris should not receive for their services the amounts allowed by the jury; that too many attorneys were employed, too much is charged for their services; that Mr. Murdock was acting in the interest of Mr. Tinkham, and not in the interest of the estate, and various other objections are raised.

It is to be observed that many legal questions, and some not strictly legal, were raised in connection with which the services of an attorney were desirable.

Mr. Murdock testified fully and minutely to the character and necessity of the services rendered by him. Without recounting here at length his service it is not clear that too much was allowed by the jury. From the time of Mr. Metcalf's appointment as administrator in 1906 to the time of his removal in 1917, Mr. Murdock rendered services from time to time, as required, in various matters involved in the settlement of the estate which were necessary and highly beneficial to the estate, largely apart from the matters involved in the litigation conducted by Champlin & Harris.

The suggestion that Mr. Murdock was acting in the interest of Mr. Tinkham, and not in the interest of the estate, in performing these services is not sustained by the evidence.

It is to be observed that the several counsel were not employed to do the same thing. Different counsel were employed to look to and protect the estate in regard to different questions that arose in consequence of this protracted litigation.

In regard to the administrator's duty to contest claims, and more especially the employment of Champlin & Harris for that purpose, if, in his opinion as a prudent man acting in good faith, an invalid or doubtful claim is presented, it is his duty as administrator to interpose every legal objection that industry and care can furnish.

Anderson v. Carr, 2 R. I. 117.

See also 11 Am. & Eng. Ency. Of Law (2d ed.) 1240 to 1252.

**390**

Attorneys of much experience and high standing at the bar gave as their professional opinion that the charges made for these services were not excessive, but reasonable, and no attorneys were called to give different opinion. As to the administrator's good faith in contesting the claim of Elisha J. Campbell, it may be noted that commissioners appointed by the Municipal Court disallowed the larger part of the claim, and upon appeal from the decree confirming their finding at the second trial in the Superior Court, the jury disallowed the claim in toto.

As to the failure to discover that Elisha J. Campbell had not perfected his appeal by entering reasons of appeal in the Superior Court, in time to obtain confirmation of the decree appealed from authorizing sale of the Pine Street property, and the advice of counsel which proved to be not good law when the Supreme Court subsequently spoke, it may be observed that the ablest attorneys do not hold themselves responsible for not seeing in advance what the decision of the Appellate Court will be on a question of law not previously passed upon. The jury failed to find such negligence in the omission to discover the neglect of Mr. Campbell to enter his reasons of appeal as, in the circumstances, to warrant rejection, or even reduction of the amount charged for attorney's services. Mr. Metcalf's attorneys had been in conference with Mr. Campbell's attorneys for considerable time, looking to an adjustment of

the differences, and might reasonably suppose he or his attorneys would make some mention of the fact that the reasons of appeal had not been entered, but instead of doing so, no mention of the fact was made. It is now sought to punish Mr. Metcalf by disallowing the charge for legal services rendered necessary by the failure of Mr. Campbell to perfect his appeal, and by the administrator's neglect to discover such failure within time to obtain confirmation of the decree. This position arose from assuming that Mr. Campbell was acting in good faith in giving notice of his appeal which he failed to perfect.

The verdict should not be disturbed on this ground.

4. As to the finding of the jury that the Atlantic National Bank was a safe depositary for the funds of the estate.

The administrator must act in utmost good faith and exercise ordinary care and no more in selecting a depositary for keeping the funds of the estate.

11 Am. & Eng. Ency. L. (2d ed.) 904 (2), 947, 948 and note C.

### 391

From the testimony of Mr. Metcalf, which was uncontradicted, the jury were warranted in finding there was no neglect in this respect. The contention that some payments were made by Mr. Metcalf as distributive share before an order of distribution had been made and not as claims against the estate is denied. The evidence upon that point is somewhat conflicting, but the jury found such payments were made in payment of claims, and not as distributive shares.

Mr. Boss in his brief raises and argues substantially the same points advanced by Mr. Brown.

This Court does not see any reason for setting aside the verdict. Substantial justice has been done. If errors were made by the jury, the most that can be said is that they were of a minor character, and not such as to justify this cause to another jury and prolonging this complicated litigation to

the complete exhaustion of the estate. A new trial is denied.